CASE 35—EQUITY—DECEMBER 11, 1880.

# Louisville Building Association v. Korb, &c.
# Davis & Gage v. Louisville Building Association.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

1. Under the mechanics' lien law applicable to the city of Louisville, the material men and mechanics asserting liens upon the building erected by Peyton and wife, upon the lot conveyed to them by the Louisville Building Association, have liens superior to the vendors for their work and materials; but having failed to record their liens as required by the statute, they lost their priority as against the Association.

2. Although the lien of Korb, by virtue of his mortgage, is superior to that of the mechanics and material men, on account of their failure to have their liens recorded before he loaned the money to Peyton and wife and took his mortgage, his lien is inferior to that of the Building Association, the vendor of the lot.

3. The fact that the building was erected after the lot was conveyed to Peyton and wife does not affect the vendor's lien as against a mortgagee whose lien accrued after the house was built.

EMMETT FIELD FOR DAVIS & GAGE.

1. A lien cannot be created upon property to be acquired *in futuro* as against creditors. (Trustees of Caldwell Institute v. Young, 2 Duv. 582; Ross v. Wilson & Peters, 7 Bush, 32.)

2. Under the statute creating a mechanics' lien law in Louisville, the lien is valid against the employer's interest for one year, even though it be not recorded; and the unrecorded lien will not be affected by a subsequent mortgage taken without notice, unless the enforcement of the lien will diminish or defeat the mortgage debt. (Nuner v. Wellisch, 12 Bush, 364; Elliott's Charter of Louisville (acts, &c.), 929; Myers' Supp., 305, sec. 12.)

EDWARDS & SEYMOUR FOR LOUISVILLE BUILDING ASSOCIATION.

Although the building was erected after the lot was conveyed to Peyton and wife, yet the lien of appellees, the Louisville Building Association, is superior to that of the mortgagee. (Elliott's Charter of Louisville.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The Louisville Building Association conveyed to Susan A. Peyton, a married woman, a certain lot or parcel of ground in the city of Louisville, in consideration of the sum of two thousand four hundred and fifty dollars, evidenced by certain notes then executed, and to be paid in monthly installments. A lien was expressly reserved in the deed securing the payment of the purchase money. It appears from the proof and the admission of the appellant (the Building Association) that twelve hundred and fifty dollars of the amount for which the notes were executed was, in fact, money loaned to enable the *feme* to build a house, and formed no part of the consideration for the lots. After the execution of the deed Peyton and wife erected a house on the premises, and executed a mortgage to the appellee Korb, to secure the payment of $170. Davis & Gage and others had liens for material furnished in the construction of

the building, and filed a petition in equity, making the ven-
dors of the property and Korb defendants, and sought to
subject the property to the payment of their liens.    All of
the liens were in some manner settled, except the liens of
Korb and Davis & Gage.    The rights of the parties to this
appeal must be determined, to some extent at least, by the
construction given the mechanics' lien law applicable alone
to the city of Louisville and county of Jefferson.    That act,
by its first section, provides:  "That all persons who shall
perform labor or furnish materials, fixtures, or machinery
for constructing, furnishing, altering, adding to, or repairing
any house, building, mill, &c., within the city of Louisville
or county of Jefferson, by or under any employment or
contract, express or implied, shall and may have a joint lien
upon such house, building, mill, &c., *and upon the interest of
the employer, in the parcel of land on which such structure may
be situated, and in the previous structure added to, altered, or
repaired, to secure the payment of their several demands, which
lien shall be prior and superior to all other liens or encumbrances
on any such house, building, mill, manufactory, or other struc-
ture, and the fixtures and machinery so constructed when the
structure is wholly new,* and upon any machinery or fixtures,
alterations, additions, or repairs to a previous building which
are capable of being severed or removed from such previous
building without serious injury thereto, and shall be prior
and superior to all other liens or encumbrances upon the
interest of the employer in the lot or parcel of land built
upon, and upon any previous structure so altered, repaired,
or added to, created after the commencement of the con-
structing of the house, building, mill, &c."

The second section designates the tribunal in which the
liens may be enforced, and the sixth section provides that

Louisville Building Association v. Korb, &c.

the sale of the property on which the lien exists may be enforced according to equity usage, and in a case where the interest of the employer in the land is not sufficient to satisfy the liens, the court may provide for the sale and removal of the house, &c., when it is wholly a new structure, or of the alterations and additions upon which the lien exists, so far as the same can be removed without injury to the former structure, not owned by the employer, or may rent the same out.

The eighth section authorizes a sale of the interest of the employer and a removal of the building when his title is less than a fee-simple, as a lease for years, &c. The provisions of the statute cited leave no room to question the intention of the legislature, as it is manifest the purpose of the law was to give to the mechanics, material men, &c., a lien on the building constructed by them superior to all other liens; and we see no reason, where the employer is the owner in fee of the property, for withholding from the chancellor the power to sell the entire property and distribute the proceeds according to the rights of the parties, and such, in our opinion, is the spirit and meaning of the sixth section of the act. It is true the chancellor may rent the property or cause the building to be removed; but when such action would result in serious loss to the parties, a sale should be ordered. In this case, however, all the parties have consented to the sale, and the question arises as to the proper distribution of the proceeds, when the sale of the realty, with the dwelling or structure upon it, fails to satisfy all the liens. It is conceded that the vendor is entitled to a superior lien on the land, and the mode of ascertaining his interest, when both the land and structure upon it has been sold, is to require

the commissioner to ascertain the value of the land at the time of the judicial sale, and that much of the purchase money must be applied to the payment of the vendor's lien. After this is done, the sum remaining is the fund out of which the mechanics and material men are to be paid, and upon which they have a superior lien. This gives to the vendor the full benefit of his lien as against the mechanic, and enables him to assert it upon the indentical property sold. The chancellor failed in this case to give the vendor the value of his land, but regulated the amount he was to receive by the sum for which the property sold, ascertaining the value of the building and the value of the land, and distributing the proceeds of sale in proportion to their respective liens. This was error. He should have given the vendor the sum of $1,000, the value of the land; and the whole having sold for $2,200, it left a fund of $1,200 out of which the mechanics were to be paid. This error, however, has not, in this particular case, affected the rights of the parties.

The liens of the mechanics were as follows, viz: Fisher, Leaf & Co., $140; Frank Crowfoot, $100; Davis & Gage, $100; making in all $340. The vendor was then entitled to all the purchase money except $340. Fisher, Leaf & Co. have received their money, and are not complaining, and the only question to be determined is the manner in which the liens of Crowfoot and Davis & Gage are to be disposed of, amounting to $100 each. Payton and wife had executed to them their notes for materials furnished, but no record evidence of their intention to retain a lien was made, as required by law, in the county court clerk's office. The appellee, Korb, had taken a mortgage from Payton and wife on the lot after the house had been constructed, without

notice of their lien, to secure him in the sum of $150, and being an innocent purchaser (as decided by this court in the case of Gere and wife v. Curling, 5 Bush, 304), his mortgage lien had priority over the mechanics' lien, and the court below so adjudged, and of this Davis & Gage complain, and also the vendor, the Building Association, the latter insisting that if the mechanics are not entitled to the lien, it cannot be paid to the mortgagee, because the vendor's lien is superior to his. The mechanics or material men claim the lien as against the vendor; and that such a lien exists is not questioned. The mortgagee claims a lien on the lot and house as against the material men, and says that out of the fund set apart as representing the value of the house, his lien is superior to theirs, because he is an innocent purchaser.

The vendor maintains that if such is the case, his lien being superior to the mortgagee's, and there not being a sum sufficient to discharge his lien, that it should be paid to him. This is a novel question. Two of these parties, the vendor and the mortgagee, have liens on the whole property, and the mechanics only on the house, or the fund representing it. If the mechanics' lien is lost, so far as the mortgagee is concerned, when he attempts to enforce his lien, it must be held subordinate to that of the vendor, and we see no escape from the conclusion that, as between the vendor and the mortgagee, the fund must be held to belong to the vendor. The mortgagee cannot be substituted to the rights of the mechanics, because the latter failed to give him notice of the existence of their lien, its only effect being to enable the mortgagee to enforce his lien as against the property in preference to the mechanic; and when he attempts this, he meets with the superior lien of the vendor, that must neces-

sarily defeat his recovery. There is no transfer of the claim held by the mechanic, or the lien secured by it to the mortgagee, and the equity of the vendor being superior to the mortgagee, he is entitled to the money, and not the mortgagee.

The want of notice to the mortgagee of the mechanics" lien did not make his claim more sacred than that of the vendor, the former having full notice of the vendor's lien at the time his mortgage was executed; and if the mechanic, by his omission to take proper steps to secure his lien, has postponed his claim to that of the mortgagee, it cannot have the effect of advancing the lien of the latter to a position where it becomes superior to the lien for the purchase money. The case must be decided as if the lien of the mechanic had been withdrawn, and the mortgagee left to litigate with the vendor; and the lien of the latter having priority, and the whole sum for which the property sold being insufficient to pay it, the lien of the mechanic, so far as it has been made subordinate to that of the mortgagee, must go to the vendor of the land. There is no privity of contract between the mechanic and the mortgagee, nor has the latter any equitable assignment or transfer of the mechanics' claim or his lien; and the latter having lost his preference by postponing his lien to that of the mortgagee, the contest is between the mortgagee and the vendor as to who is entitled to the fund. The mortgagee is not substituted to the lien of the mechanic, and certainly has not as high an equity as that of the vendor, the latter having the prior lien and the prior equity. To the extent, therefore, that the lien of the mechanic has been made subordinate to that of the mortgagee, the vendor becomes entitled.

It is maintained by counsel for the mortgagee that the vendor's lien does not attach to the house, as the building was not in existence when the conveyance was executed and the lien retained, and he attempts to assimilate this case to a mortgage on personal chattels, to be thereafter acquired. Such a doctrine was never applied to improvements made upon land after the owner had mortgaged it. The owner of the soil is the owner of the house upon it, and a lien given on the land can be asserted as against all improvements placed upon it, either before or after the lien is created, where the improvements become a part of the freehold. This doctrine is elementary, and the rule with reference to the sale and mortgage of chattels has no application to a case like this.

The judgment is reversed as to the Building Association, and affirmed as to Davis & Gage. Cause remanded for further proceedings.