## Mountain City Motor Company's Receiver, et al. v. Mountain City Motor Company, et al.

(Decided October 28, 1927.)

### Appeal from Harlan Circuit Court.

1. Receivers.—Where receiver retained control of rented premises under contract under which he occupied same position as any other tenant, landlord's lien, having been timely asserted on personal property sold by receiver, had priority to claim of receiver for fee therein.

2. Receivers.—Where mortgagee of land in receivership consented to sale thereof, deductions made by receiver under Ky. Stats., section 1740, for selling real estate were proper.

3. Receivers.—Unless carrying on of business of insolvent by receiver is done at request of lien creditor, or is necessary to preserve property on which creditor has lien, allowance to receiver therefor is not payable out of proceeds of the real estate prior to payment of lien debt.

4. Receivers.—When nature of property is such that business to which it has been devoted cannot be discontinued without great probable loss, court may authorize receiver to continue it pending sale.

5. Receivers.—Necessary expenses of preservation of property of insolvent, when incurred for benefit of lienholders, are entitled to priority over lien debts.

6. Receivers.—It is proper to allow receiver to continue business of insolvent corporation, where it is shown that property would sell for much better price as going concern than if it remained idle.

7. Receivers.—Where continuation of business of a motor company in no way preserved real estate owned by insolvent or increased its value, and lienholder objected to continuation of business by receiver, property then should only bear such costs and expenses as lienholder would be compelled to incur, if suit had been brought by him to collect his debt.

SAMPSON & SAMPSON for appellants.

G. B. BRUNER, J. S. FORESTER, and E. H. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant Ray O. Shehan was appointed receiver for the Mountain City Motor Company, which had be-

come insolvent, upon the petition of the appellee W. W. Duffield, who was the president of the company. Duffield was also a creditor.

The insolvent corporation was indebted to the appellee, First State Bank of Harlan, Ky., in the sum of $12,000, which was secured by a lien on the building in which its business was conducted. The receiver was appointed on December 23, 1925, and on the same day an order was entered directing the receiver to continue the operation of the business of the defendant corporation. On December 29, 1925, an amended petition was filed, in which the First State Bank of Harlan was made a defendant. The bank answered, setting up its claim, and consenting to the sale of the real estate owned by its codefendant, but it objected to the continuation of the business by the receiver. The receiver continued the business for a few months, but, finding that it was being continued at a loss, the court ordered that all of the real and personal property of the insolvent corporation be sold.

The personal property was sold for $1,250 and the real estate for $12,100. The receiver was allowed $1,000 for his services, and he was also allowed the sum of $500 for his attorneys. No complaint is made as to these allowances nor do they appear to be unreasonable, in view of the services rendered by the receiver and his attorneys. The proceeds from the sale of the personal property not being sufficient to pay these allowances, it is insisted by appellant that they constitute a claim prior to the lien of the appellee bank on the proceeds of the real estate, and should be first paid out of those proceeds.

When the receiver took charge of the business of the motor company, the latter, in addition to its own real estate, was using and occupying property owned by the appellee C. B. Brittain, and the receiver rented Brittain's property, and agreed to pay a rental of $162.50 a month. When the property was returned to Brittain, the accrued rents amounted to approximately $700. Brittain claimed a lien on the personal property for the amount of the rent, and appellant contends that the allowance to him and to his attorneys has priority over Brittain's claim out of the proceeds of the personal property. The claim by the appellant is not seriously urged, however, nor do we think it could be with any reason. The receiver retained control of the rented premises under a contract made by him, and he occupied the same position as any

other tenant. The landlord had a lien upon the personal property sold, and he asserted it within due time. The judgment of the lower court, in so far as it adjudged the appellee Brittain a lien prior to the claim of appellant, was correct. Loth & Hass v. Carty, 85 Ky. 591, 4 S. W. 314, 9 Ky. Law Rep. 131.

It was also adjudged that the receiver was entitled to the sum of $25 for making the sale of the real estate; $1.50 for making the deed; $102.30 as commission upon the amount collected by him; $15 for advertising; $12 for revenue stamps placed upon the deed, making a total of $155.80, which he was directed to deduct from the proceeds of the real estate and credit upon the allowance made to him. After deduction of this sum, the remainder of the proceeds of the real estate was directed to be paid to the appellee First State Bank, to be applied as a credit upon its secured indebtedness. The sums directed to be paid to the receiver out of the proceeds of the real estate were fees and commissions allowed to commissioners and receivers under section 1740, Kentucky Statutes, for selling real estate. The bank has made no complaint of these deductions, and, as it consented to the sale of the real estate, they were proper. The remainder of the allowances made to the receiver and his attorneys were for services rendered in carrying on the business. Unless this was done at the request of the lien creditor, or was necessary to preserve the property upon which such creditor had a lien, the allowances are not payable out of the proceeds of the real estate prior to the payment of the lien debt. Kentucky National Bank v. Louisville Bagging Co., 98 Ky. 371, 17 Ky. Law Rep. 983, 33 S. W. 101; Trimble & Bell v. Acme Mills Co., 151 Ky. 570, 152 S. W. 561; Anderson v. Van Rensselaer, 184 Ky. 133, 211 S. W. 553; International Trust Co. v. United Coal Co., 27 Colo. 246, 60 P. 621, 83 Am. St. Rep. 59.

When the nature of the property is such that the business to which it has been devoted cannot be discontinued without great probable loss the court may authorize it to be continued by the receiver pending the sale of the property. Necessary expenses of preservation, when incurred for the benefit of the lienholders, are entitled to priority over the lien debts. Likewise it would be proper to allow the receiver to continue the business of the insolvent corporation if it were made to appear that the property would sell for a much better price as a going

concern than if it remained idle. Grainger v. Old Kentucky Paper Co., 105 Ky. 683, 20 Ky. Law Rep. 1491, 49 S. W. 477. This case presents no such state of facts. The continuation of the business by the receiver tended in no way to preserve the real estate owned by the insolvent corporation nor to increase its value. The holder of the lien never consented to the continuation of the business by the receiver, but, on the other hand, objected, and requested that the property be sold at the earliest possible date. The property in lien should bear only such costs and expenses as the lienholder would be compelled to incur if the suit had been brought by him to collect his debt.

The judgment of the lower court being in accordance with the views herein expressed, it is affirmed.