CASE 108—EQUITY—JUNE 26.

# Zaring, &c., v. Cox's assignee, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

On the 1st day of January, 1873, S. L. Goar conveyed by deed to W. H. Cox all his interest in the partnership of Cox & Goar in the Southern Hope Nursery, at Anchorage, Jefferson county, Kentucky, for the consideration of $5,680, for which Cox executed to Goar his three promissory notes for $1,893.33 each, and a lien was retained upon the property, and all property that may be added thereto, to secure the payment of the purchase-money. The deed was not recorded. On the 14th of February, 1874, Cox executed a deed of assignment to Goar for the benefit of his creditors.

1. *Held*—That the conveyance by Goar to Cox, although unrecorded and without notice, gave to Goar an equity superior to that of antecedent creditors of Cox who had notice of the equity before they acquired a legal right to the property assigned.

2. The conveyance by Cox to Goar, as assignee for the benefit of his creditors, gave them an equitable right to claim their distributable share as creditors, under the conveyance; and that equity, not having been reduced to a legal right before notice of Goar's equity, is subordinate to his claim.

3. No attempt is made to set aside the conveyance from Cox to Goar for fraud.  Such a conveyance is evidently good between the parties, and the lien attached as soon as any stock was added; and, being good between the parties, it is good as to antecedent creditors, unless attacked for fraud.

4. Where an action is brought to enforce a trust created by assignment, the complainant is held to take under the assignment, and will not be heard to say that the fund should be otherwise distributed.

5. The action having been instituted by a general creditor, the costs must be paid out of the general estate, instead of that on which there are liens.

R. H. BLAIN for appellants.

1. Whilst, as between Goar and Cox, their agreement may have been valid, it is certain that Goar's equity could not attach to any thing that Cox acquired after the conveyance was made.  (Ross v. Wilson, &c., 7 Bush, 29; Roberts v. Elliott, 22 Wallace, 525; Crosier v. Young, 3 M., 158.)

2. Goar, as assignee, is not to be held as a purchaser for value.  (2 Johnson's Ch'y, 188; 17 N. Y., 580; 19 Mo., 17; 23 Ib., 237; 15 Gratt., 153; 2 Story's Rep., 637; Lyons v. Fields, 17 B. Mon., 549; Bank U. S. v. Hath, 4 B. Mon., 434; 10 Ala., 185; 17 B. Mon., 782; Roberts v. Phillips, 11 Bush, 15; 17 B. Mon., 458; Burrell on Assignments, sec. 375; 4 Dana, 98; Civil Code, sec. 438.)

RUSSELL & HELM for appellee.

1. Appellee Goar is entitled to a lien upon the assigned property, for the purchase-money set forth in his deed to Cox.  The creditors of Cox hold and claim under the assignment, and their claims are subject to it.

2. The allowance to Goar is fully authorized by the evidence.

JUDGE HINES delivered the opinion of the court.

The conveyance by Goar to Cox, although unrecorded and without notice, gave Goar an equity superior to that of antecedent creditors of Cox, who had notice of the equity before they acquired a legal right to the property in controversy. In a contest between mere equities that which is prior in time must prevail.   (Forepaugh v. Appold, 17 B. M., 630.)  The subsequent conveyance by Cox to Goar for the payment of debts gave appellants simply an equitable right to claim their distributive share as creditors under the conveyance, and that

equity, not having been reduced to a legal right before notice of the equity of Goar, by reason of the previous conveyance by Goar to Cox in which a lien was retained, is subordinate to the claim of Goar. (Swigert v. Bank of Kentucky, 17 B. M.; Morton v. Roberts, 4 Dana, 263.) The rights of Goar against appellants remain the same after the assignment to pay debts as before. The simple deed of assignment gave appellants no rights as against Goar that they did not previously have. (Perry on Trusts, sec. 596.)

It does not matter that the court below adjudged that the proceeds of the replenished stock, as well as the proceeds of the stock on hand at the time of the sale by Goar to Cox, was subject to the lien of Goar. No effort is made to set aside for fraud the conveyance from Goar to Cox in which a lien is retained upon the stock on hand and on what may be added thereto. Such a conveyance is evidently good between the parties, and the lien attaches so soon as any stock is added, and being good between the parties, it is good as to antecedent creditors, at least until attacked for fraud.

The conveyance by Cox to Goar for the payment of debts substantially authorizes Goar to manage and dispose of the property conveyed in such manner and upon such terms as he may deem proper, and directs—

*First.* Payment of costs and expenses of the assignment, including reasonable attorney's fees and reasonable compensation to the trustee Goar.

*Second.* Payment of all lien debts, including rent for the land upon which the nursery is situated.

*Third.* Payment of the general creditors of Cox.

*Fourth.* Payment of the remainder to Cox.

This suit was brought by appellants, general creditors, to enforce the trust.    They claim under the assignment and not against it.    In such case they are held to have accepted the terms of the assignment, and will not be heard to say that the distribution of the fund should be otherwise than therein provided.    (Perry on Trusts, secs. 596, 597; Burrell on Assignments, pages 578, 579, second edition.)

The deed of trust expressly provides for compensation to the trustee, and the evidence showing the allowance to be reasonable, it will not be disturbed.

The action having been instituted by a general creditor, it was proper to adjudge that the cost of the litigation should be paid out of the general fund on which there is no lien.

.The deed of trust authorizing the trustee to manage the estate as he might deem best, and the evidence showing that it had been skillfully and economically managed, the trustee does not appear to be in fault for not sooner closing it out.

The evidence authorizes the allowance for compensation made to the trustee.

The court does not appear to have abused a sound discretion in refusing to allow the amended petition to be filed, as no reason is suggested why it was not sooner offered.

Judgment affirmed.