CASE 109—PETITION EQUITY—JUNE 6.

# Manly v. Bitzer, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

THE ASSIGNMENT OF WAGES TO BE EARNED IN FUTURE under an existing contract vests in the assignee an equity superior to that of a subsequent attaching creditor. In such a case that which is assigned has a potential existence.

A policeman elected for the term of four years. whose salary was payable at the end of each month, at the rate of two dollars per day for the days served, assigned for value on the first day of the month his salary for the month. Subsequently a creditor garnished his wages for the month in the hands of the city. *Held*—That there was, at the time of the assignment, an expectation of wages under an employment entered upon under a subsisting contract, and, therefore, the assignee has an equity which, being prior in time to that of the attaching creditor, must be given the preference.

HELM & BRUCE FOR APPELLANT.

A policeman can not assign his wages which he expects to earn in future so as to defeat a creditor who attaches them after they are earned. (Ross v. Wilson, 7 Bush, 34; Hutchison, &c., v. Ford, 9 Bush, 318; Loth v. Carty, 9 Ky. Law Rep., 131.)

Cases explained : Newberry v. Hill, 2 Met., 530; Zaring v. Cox, 78 Ky., 527; Griffith v. Shadburn, MS. Op., Sept. 13, 1876.

KOHN, BAIRD & SPECKERT FOR APPELLEE.

Wages to be earned under an existing employment or contract have a potential existence, and can be assigned before they are earned. (Sheppard's Touchstone, 241; Parsons on Contracts, 437; 2 Kent's Com., sec. 468; Newmark on Sales, sec. 68; 3 Pomeroy's Eq. Jur., sec. 1268; Foreman v. Proctor, 9 B. M., 124; Banks' Adm'r v. Marksberry, 3 Bibb, 230; Hutchinson v. Ford, 9 Bush, 318; Connors v. Elliott, 10 Ky. Law Rep., 229; Van Hoozer v. Cary, 34 Barb., 11; Hull v. Hull, 48 Conn., 254; McCarthy v. Blevins, 5 Zerg., 195; Wheeler v. Wheeler, 2 Met., 474; Lee v. Lee, 2 Duv., 134; McBee v. Myers, 4 Bush, 356; Whitehead v. Root, 2 Met., 586; Mulhall v. Quinn, 1 Gray, 106; Hartley v. Tapley, 2 Gray, 566; Twiss v. Cheever, 2 Allen, 40; Low v. Pew, 108 Mass., 349; Tierney v. McGarrity, 14 R. I., 231; Kennedy v. Tierney, 14 R. I., 528; Lehigh Valley R'y Co. v. Woodring, 9 Atl., 58; Griffin v. Mulligan, MS. Op., Kentucky Ct. Appeals, 1876; Bridgeford v. Keenehan, 8 Ky. Law Rep., 268.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is a controversy over the wages of Frank Manly as a policeman of the city of Louisville. It is between a creditor and a purchaser. The claims of both are *bona fide*. The former, the appellant, Mary Manly, having a judgment for her debt and a return of *nulla bona*, sued out attachments during several months, and garnished the wages of Manly in the hands of the city. He had, however, on or near the first of each month, and prior to the attachment in each instance, sold the claim for the wages of that month to the appellee, Peter Bitzer. In one instance the sale was on the second day of the month, and when Manly had earned one day's wages. In another it was on the fourth day of the month, and when three days' wages were owing; but in all the other cases it was made on the first day of the month, and was a sale of the then unearned wages of that month.

The claim of the purchaser to them is not resisted by Frank Manly. The policemen of the city are elected by the police commissioners for a term of four years, and until their successors shall be chosen. They are paid at the rate of two dollars *per* day for the days they, in fact, serve, payable at the end of each month upon monthly pay-rolls. It is a *per diem* allowance, but payable monthly. The services are rendered under a contract for four years' service.

It is contended for the appellant that assignments of wages to be earned are, like mortgages of property to be thereafter acquired, void. It is insisted upon the other hand that as these wages were to be earned under an existing contract, the wage-earner had the

right to assign them, and that this contest is merely one of equities, in which the elder must prevail. This is undoubtedly true, if the right existed, because, in a contest between equities merely, that which is prior must, in reason, be given the preference. (Newby & Taylor v. Hill, &c., 2 Met., 530.)

This elementary rule is not questioned by the counsel for the appellant, but they insist that the appellee, by his purchase, acquired no equity whatever as against a creditor of Manly. Looking at the question from the stand-point of public policy, there are two views presented, which, perhaps, balance each other. If the wage-earner in a case like this one be permitted to sell and transfer his unearned wages, the honest creditor may sometimes be defrauded; but, upon the other hand, it may often be necessary to the subsistence of the laborer and his family, as is claimed was true in this instance.

It is a general rule that a mortgage of property to be acquired *in futuro* is void as against the mortgagor's other creditors. It has been held by this court, for instance, that he can not mortgage not only his stock of goods on hand, but also those he may thereafter add to it. As to those so added, the mortgage is invalid as against other creditors. (Ross, &c., v. Wilson, 7 Bush, 29; Loth & Haas v. Carty, &c., 85 Ky., 591.) Also, that a mortgage of a crop unsown when it was executed is invalid as against a purchaser for value, the reason being that when the mortgage was given the crop had neither an actual nor a potential existence. (Hutchinson, &c., v. Ford, 9 Bush, 318.)

This case, however, is distinguishable from those. Pomeroy says: "When a party has entered into a contract or arrangement, by the ordinary and legitimate and natural operation of which he will acquire property, his existing right thereunder is not a mere naked hope; it is a possibility of acquiring property, coupled with a legal interest in the contract. The cargo to be obtained or the freight to be earned by a ship on a voyage already contracted for, the wages to be earned under an existing employment, the payment to become due under an existing building contract, are familiar examples." (Pomeroy's Eq. Jurisprudence, section 1286.)

Judge Story, in his Equity Jurisprudence, section 1040, announces substantially the same doctrine. If there be an existing or subsisting contract, then a right exists out of which that which is assigned may be derived, and as it may reasonably be anticipated as the outcome, it may be transferred for value, and vest the right to it in the assignee. There is in such a case a potential existence of that which is assigned. In the case now presented there was an existing, subsisting contract for the rendition of the services. The debtor's term of office extended beyond the time when it could fairly be presumed, because of the existence of the contract, the wages would be earned. They had such a potential existence that he had a right to transfer them, and, having done so for value, it invested the assignee with an equity which, being elder in time to that of the attaching creditor, must prevail. It was not the assignment of a mere naked possibility, coupled with no interest. There was an

expectation of wages under an employment entered
upon under a subsisting contract.    Whatever Manly
might, therefore, earn had a potential existence, be-
cause the wages would be the expected and natural
product of his existing contract right.    It made no
difference whether they were fixed at so much by the
day or week or month.    Whatever he might earn
upon the first day of the month was not so inde-
pendent of what he might earn during the remain-
der of the month that he could not assign the entire
month's wages.    Whatever may be said as to the
right in equity to assign mere possible interests, how-
ever much the authorities may differ as to the extent
of the power, yet here was a reasonable expectation
of means founded upon an existing right; a subsist-
ing contract; an existing employment; and in such
a case the transferee for value undoubtedly acquires
an equity.    A right was *in esse*, under which it could
reasonably be expected the party would become en-
titled to what was transferred.    There was ground for
a reasonable expectation of means based upon an ex-
isting right; it was as if the seed of a crop had been
sown, and constituted a subject for a valid contract.

In the case of Griffin & Son v. Mulliken (MS. Op.,
September 13, 1876), an attaching creditor sought to
subject the monthly salary of a city officer to his
debt, which had been assigned before it was earned,
and it was held that the equity of the assignee was
superior.    So it seems to us in this instance, and the
judgment is, therefore, affirmed.