### In re J. SAPINSKY & SONS.

#### (District Court, W. D. Kentucky. July 15, 1913.)

1. BANKRUPTCY (§ 255*)—LEASE TO BANKRUPT—POWER TO ORDER CANCELLATION.

  While a trustee may at his election decline to continue a lease to the bankrupt for the benefit of the estate, and thus relieve himself and the estate from further liability thereon, a referee has no power to order its cancellation.

  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 255.*]

2. BANKRUPTCY (§ 191*)—LIENS—STATUTORY LIEN FOR RENT TO BECOME DUE.

  The landlord's lien given by Ky. St. § 2317, on the property of the tenant on the leased premises for one year's rent due or to become due under the lease, is enforceable against the trustee in bankruptcy of the lessee for the rent due or to become due within a year after the bankruptcy, although the claim therefor is not a provable debt against the estate.

  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. § 191.*]

In the matter of J. Sapinsky & Sons, bankrupts. On petitions by the Fidelity Trust Company and others for review of orders of the referee. Reversed in part.

James R. Duffin, of Louisville, Ky., for petitioners.
D. A. Sachs, Jr., of Eminence, Ky., for trustee.
Bruce & Bullitt, of Louisville, Ky., for Fidelity Trust Co.

EVANS, District Judge. Two petitions for review in this case will be disposed of in one opinion.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] 1. On June 12, 1913, the Fidelity Trust Company, executor and trustee under the will of John D. Taggart, deceased, and Sallie D. Taggart Armstrong, Morton Armstrong, M. Ella Taggart McGee, and J. Wheeler McGee (all of whom together will be called the landlord), filed a petition asking for a review by the court of an order of the referee, made on May 30, 1913, wherein, among other things, he directed the trustee in bankruptcy to surrender and renounce a certain lease made to the bankrupts by the landlord, and also ordered that the said lease be canceled as directed in the order. While a trustee in bankruptcy may elect whether or not to decline to continue a lease to a bankrupt for the benefit of the estate, and thus relieve himself of responsibility either personal or as trustee in respect thereto, we cannot see how the referee had any power under the facts of this case to order its surrender or cancellation. Upon authorities which will be more especially noticed further along, it will be made to appear that certain rights continue to exist as between the bankrupts and the landlord, which neither the referee nor the trustee can destroy nor interfere with after the latter has made his election. Here the record distinctly shows that the trustee promptly made his election not to continue the lease for the benefit of the bankrupts' estate. When this was done his interest in the lease terminated, and he had no further concern with it. Nevertheless the lease remained vital as between the landlord and the tenant. The lease contained a clause requiring the tenant to execute a bond with surety for the payment of at least a substantial proportion of the rent for the entire term, and it may be important that the rights thus arising between the landlord and the surety under that bond, if it were given, should not be impaired nor interfered with by the order sought to be reviewed, notwithstanding the provisions of section 16 of the act which preserve the rights of creditors against sureties.

Upon these grounds, on the authority of In re Roth & Appel, 181 Fed. 669, 670, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270, and Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719, we must hold that the order of the referee made May 30, 1913, so far as it directed a surrender or a cancellation of the lease, was erroneous, and consequently must to that extent be reversed and set aside.

[2] 2. By another petition filed on June 14, 1913, the landlord prays for a review by the court of an order made by the referee on the day before disallowing altogether a claim and proof of debt presented and filed by the landlord for $141,250, being the amount of rent to accrue upon certain premises described therein between June 1, 1913, and November 1, 1922, at a rental of $15,000 per year, payable in installments of $1,250 per month, and which proof of debt contained a claim to a lien upon certain assets of the bankrupt, which were on the leased premises, for $15,000, being the amount of one year's rent accrued and to accrue in that amount. At the hearing the claim for the rent accruing after the filing of the petition in bankruptcy on the 18th day of April, 1913, was abandoned, except as to the $15,000 thereof just mentioned. As to this last sum the landlord claimed a lien under section 2317 of the Kentucky Statutes, which is as follows:

"A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or undertenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than one hundred and twenty days. And if any such property be removed openly from the leased premises, and without fraudulent intent, and not returned, the landlord shall have a superior lien on the property so removed for fifteen days from the date of its removal, and may enforce his lien against the property wherever found."

Section 2314 is also referred to by counsel.

Whether rent accruing after a tenant has been adjudicated a bankrupt is a provable debt was considered by us in Re Jefferson (D. C.) 93 Fed. 948. That case came up in May, 1899, and the decision therein was probably a pioneer ruling on the question under the Bankruptcy Act of July 1, 1898 (30 Stat. 544, c. 541 [U. S. Comp. St. 1901, p. 3418]). The conclusion was then reached that rent accruing after the adjudication in bankruptcy was not a provable debt. The reasons upon which this conclusion was based can be found in that opinion, but no more need be said of them here than that the leading thought was that the adjudication and discharge of the bankrupt would dissolve the contract of renting, and that as the bankrupt tenant could not perform the obligations he was under to pay the rent the landlord should not be held bound. Hence the relationship was considered as having ended. This view, which in a general way was repeated and enforced in Re Hays, Foster & Ward Co., probably expresses the exact result of the ordinary case of a bankrupt tenant who cannot and does not perform any part of his obligations under the contract. It was perceived, however, that the broad ground taken in the opinion in the Jefferson Case ought to be subject to the exception that a *tenant's* contract for renting made with a landlord should not be regarded as abrogated by an adjudication of the *landlord's* bankruptcy, and this was pointed out in the opinion in Re Hays, Foster & Ward Co. (D. C.) 117 Fed. 879, 884.

The case before us now suggests that where a landlord has taken security for at least part of the rent due from the tenant—where, in short, the landlord has required the tenant in advance to guarantee the payment of part or all of the rent to accrue during the term—there probably would necessarily arise in connection with section 16 of the act another exception to the general propositions stated in the Jefferson Case. It must be confessed that the necessity for such important exceptions much weakened, if it did not destroy, the force of the general reasoning in the Jefferson opinion, apart from the controlling authority of the two cases already mentioned, and which, while approving the conclusion reached in the Jefferson Case, found a different and, of course, a better reason upon which to rest it. There have, indeed, been few, if any, cases which, upon one ground or another, do not reach the same general conclusions as that reached in the Jefferson Case, to wit, that rent accruing after the adjudication in bankruptcy is not a "provable debt" within the meaning of that phrase in the Bankruptcy Act. In short, though upon reasoning which differs, the decisions are well-nigh, if not quite, uniform to the

effect indicated. Probably a large majority of the decisions, and especially those we have named, support the conclusion of the nonprovable character of a claim for rent accruing after an adjudication, upon an interpretation of clause 1, section 63, of the act, which reads:

"Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidence by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date, or with a rebate of interest upon such as were not then payable, and did not bear interest."

As indicating the development of the discussion many cases might be cited which would show the various reasons given for the general conclusion reached, some agreeing with and others dissenting from the view we took in the Jefferson Case. But probably it will suffice to refer again to In re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270 (C. C. A. 2d Circuit), and Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719 (C. C. A. 8th Circuit). These cases from Circuit Courts of Appeal clearly hold that, though a claim for rent arising after a petition in bankrutpcy has been filed is not provable under section 63, nevertheless tthe contract remains in existence as between the bankrupt and the landlord; and of course as the claim for after-accruing rent is not provable the bankrupt is not discharged therefrom under the provisions of section 17. These conclusions from the premises are hardly to be combated, and they become important because they throw much light upon the one vital question actually involved in the petition for review now under consideration. As we have seen, the bankrupts leased for a term of ten years certain premises in this city at a rental of $15,000 per year, payable in monthly installments of $1,250. The petition in bankruptcy was filed very late on the 18th day of April, 1913, and the adjudication was made very early on the next day.

The landlord conceded at the argument that a mere claim for rent accruing after those events is not a provable debt, and hence that as to all the claim except the sum of $15,000 the ruling of the referee was correct and supported by the authorities. As to the $15,000 it is insisted, under the provisions of section 2317 of the Kentucky Statutes, which have been set forth, that the landlord has a lien on the property of the bankrupt found on the leased premises for the rent due or to become due for one year. The beginning of this one year is not stated, but it must be understood, we suppose, that the landlord means June 1, 1913, though we hardly see how the period can begin later than April 18, 1913. In support of this contention we find no Kentucky case cited, except Loth v. Carty, 85 Ky. 591, 4 S. W. 314, which does not seem to be very applicable; but great reliance is placed by one at least of the counsel upon the ruling of the Circuit Court of Appeals of the Fifth Circuit in Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246. As the Texas statute, upon which the claim in that case was based, is somewhat like, though probably much more explicit than, the Kentucky statute under consideration, the decision is certainly in point. Nevertheless the exact question in respect to the lien for $15,000 is a

somewhat puzzling one. It has never been mooted before us until now, nor, so far as we know, in this circuit. The Kentucky Court of Appeals does not seem ever to have clearly elucidated the subject by a construction of section 2317, either in Loth v. Carty or otherwise. It is therefore important that the question should be cleared up by appellate proceedings in this case, and we hope it will be done.

As we have seen, the petition in bankruptcy was filed very late on April 18, 1913. All of the claim for one year's rent, viz., $15,000, arose after that date, and indeed after May 31st. As the claim for rent, merely as such, was not a "provable debt," it could not, in that form, share in the bankrupts' assets which came to the hands of the trustee, nor could those assets avail the landlord, unless a valid lien thereon to cover the $15,000 existed independently of the quality of provability.

The proof of debt made and tendered by the landlord, after describing the claim and showing the facts upon which it is based, alleges:

"That the only security held by deponents is a landlord's lien on the property of the said bankrupt that was on the premises let in said lease, said lien being given by the statute law of the state of Kentucky, which statute gives a lien for rent to accrue or to become due for one year, thereby giving these deponents a lien for fifteen thousand ($15,000.00) dollars; that these deponents are entitled to a priority of payment out of the assets of this bankrupt in the hands of the trustee, to the extent of fifteen thousand ($15,000.00) dollars, by virtue of said lien; that they are entitled to a claim for the balance."

It will be observed that these statements in the proof of debt are quite vague in respect to what property was in fact on the premises at the time of the filing of the petition in bankruptcy, and equally so as to whether there was enough of such property then on the premises to amount in value to $15,000. The record before us on the petition for review gives no light on these subjects, though they may be of vital importance.

Note.—This uncertainty has been made certain by a stipulation filed.

Granting that the mere claim for rent, as such, accruing after April 18th, is not a provable debt, it is nevertheless insisted that a lien on the property of the tenants on the premises at that time existed in the landlord's favor and was valid under the Kentucky statute copied above, and this contention is to be disposed of, difficult as the task is. We have given the proposition very careful consideration, and will briefly state our views upon it, though not altogether confident of their correctness.

In Re Roth & Appel, 181 Fed. 669, 104 C. C. A. 651, 31 L. R. A. (N. S.) 270, it is said that "occupation of the land is the consideration for the rent," and also that, "if the lessee remain liable upon the lease after his bankruptcy in cases where it is not assumed by the trustee, it necessarily follows that his estate is not liable therefor." Neither in that case nor in Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719, however, did any question of lien arise under a statute like ours. In each of those cases the much simpler question arose as to the provability, *against the general assets* of a bankrupt, of a claim for rent accruing after the filing of the petition in bankruptcy, and upon this question the ruling in both was in the negative. It may be quite

true that the bankrupt tenants in this instance may never in fact again occupy the leased premises; but their right to do it is clear, and the obligation to pay all hereafter accruing rent rests upon them by the express terms of the contract of lease. That obligation is not provable as a debt under section 63, clause 1, and consequently there can, under section 17, be no discharge from it in this proceeding. Nevertheless the obligation to pay the rent accruing to the landlord during the entire term is one which was created by the express stipulations of the lease. The right of the bankrupt to occupy the premises (the trustee having elected not to do so) clearly exists, and under the terms of the lease the bankrupts will owe the rent as it becomes due until the term is brought to an end, either by the stipulations of the lease, or by the act of the parties, or by some judicial proceeding. Hence, while not a provable debt *against the general estate* of the bankrupts, the lien of the landlord given by the Kentucky statute may exist and must be recognized and enforced under section 64, clause 5, of the Bankruptcy Act, which protects liens upon property which are valid under the law of the state.

We feel it to be our duty to give effect to the provision just mentioned and to section 2317 of the Kentucky Statutes, and to allow the lien claimed by the landlord to the extent of $13,250, being the rent to accrue within one year from April 18, 1913, when the petition in bankruptcy was filed. We think that date, and not June 1st, is the one when the one year must begin.

Note.—The court here pointed out the anomalous condition arising from the fact that while the general creditors, in effect, paid the year's rent, the bankrupts continued to be the tenants after the trustee made his election, and suggested the propriety of an effort to correct the results of that situation.

It results that the order of the referee was erroneous to that extent only. It will therefore be modified, so as to allow the lien to the extent of $13,250, but otherwise the order will be affirmed.

Orders upon both petitions will be prepared accordingly.