## Moulder Holcomb Company, et al. v. Glasgow Cooperage Company, et al.

(Decided January 30, 1917.)

### Appeal from Barren Circuit Court.

Mortgages—Subsequent Attachment—After Acquired Property.— A mortgage on property to be thereafter acquired, executed by a

manufacturing corporation, to secure long time negotiable bonds which are hypothecated to secure funds thereafter furnished upon which to operate the business, is not void as to a subsequent attachment.

W. L. PORTER for appellants.

BAIRD & RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In this action the Barren Circuit Court settled the affairs of the Glasgow Cooperage Company, a Kentucky corporation, and distributed its assets among its creditors, adjudging the priorities of the several lien holders, among which were the appellant, Moulder Holcomb Company, and the appellee, Citizens National Bank. The only question here is, the allowance of the claim of appellee as a prior lien to that of appellant upon the company's assets. The Glasgow Cooperage Company was engaged in the manufacture of barrels, and, on the 10th day of August, 1914, executed and delivered a mortgage to E. H. Smith, as trustee, upon all of its assets then owned and *thereafter to be acquired*, to secure the payment of ten negotiable bonds of $500.00 each, with interest coupons attached, the bonds due January 1st, 1925, but with an option retained to retire the bonds at any time after one year from date. The mortgage was recorded, the bonds certified by the trustee and, during the month of August, 1914, assigned to the Citizens National Bank, of Glasgow, as collateral security, to secure the payment of an indebtedness of $200.00 then due the bank, and to secure any and all future advances which the bank might make to the Cooperage company, in acquiring material and defraying the expenses of operating the plant.

Pursuant to the agreement under which these bonds were pledged to the bank, it had advanced to the cooperage company, for use in operating its business, numerous sums, aggregating about $2,800.00 on the 20th day of January, 1915. On September 3rd, 1914, appellant sold and delivered to the cooperage company white oak lumber of the value of $1,044.07, for which said company executed and delivered a written agreement to pay said sum on or before the 4th day of December, 1914; and, upon default in the payment of this obligation, appellant, on the 4th day of January, 1915, in-

stituted this action against the cooperage company, and caused to issue therein a general order of attachment, which was levied upon some of the company's property on the 20th day of January, 1915. On the same day, the cooperage company executed and delivered to E. H. Smith, as assignee, a deed of assignment for the benefit of its creditors. The assignee filed a suit to settle the affairs of the company, which, with several other suits which had been filed against the company, was consolidated with this action, and the assets of the company sold and the proceeds distributed among the lien creditors. The funds being insufficient, after paying prior creditors, to pay the claim of the bank in full, appellant received nothing upon its claim.

Although counsel for appellee, Citizens National Bank, contend, with much force, that the levy of appellant's attachment was too indefinite to fix a lien upon any of the property from the sale of which the fund in court was created, we shall waive that question and consider only the ground upon which appellant insists that the judgment is erroneous, that is, that the mortgage executed by the cooperage company to Smith, as assignee, was void, as against appellant's attachment, as to all property acquired by the company after the execution thereof; and we shall assume, also, that the fund in court was derived from after-acquired property, although, as a matter of fact, it is not satisfactorily shown that any of the attached property was acquired after the execution of the mortgage, except some headings, a small quantity of white oak lumber, appraised at ninety dollars and sold by the assignee for one hundred and fifty dollars, and, possibly, some of the staves, the value of which was exhausted by a mechanics' lien confessedly prior to the claims of both appellant and appellee. But, even treating the fund in court, which appellant seeks to subject to the payment of its claim, as the proceeds of the property covered by its attachment, we are unable to concur in its contention that it has a superior lien thereon to that of the Citizens National Bank, and we shall, therefore, confine ourselves to the consideration of the one proposition upon which appellant relies for reversal. That proposition is thus stated in the brief for appellant: "That a mortgage of property to be acquired in the future is void, against the mortgagor's creditors and purchasers for value, and

if the mortgagee has any lien on after-acquired property, it is inferior to an attachment lien on such property.'' In support of this statement, appellant cites the following authorities: Ross v. Wilson, Peter & Co., 7 Bush 29; Vinson v. Hallowell, 10 Bush 538; Manly v. Bitzer, 91 Ky. 596; Loth & Haas v. Carty, 85 Ky. 591; Patterson v. Louisville Trust Co., 17 Ky. Law Rep. 234; Wender Blue Gem Coal Co. v. Louisville Property Co., 137 Ky. 339.

While it is unquestionably true that, at law, a mortgage is void, as to property not then in existence, or thereafter to be acquired, an equity has always been recognized in favor of the mortgagee, against the mortgagor, as to such property, but which has not been allowed to prevail against the mortgagor's creditors when, as to them, the allowance of the lien to the mortgagee could be said to be a fraud upon their rights. Although it is stated correctly, in several of the cases above quoted, and in many others, that the general rule is, that a mortgage of property to be acquired *in futuro* is void, as against the mortgagor's creditors, this rule is, in fact, but an exception to the true rule, which is thus stated in section 170 of Jones on Chattel Mortgages, 5th Ed.:

''In the preceding sections it has been shown that a mortgage of future property is void, at law, as against others acquiring an interest in it, except in case the mortgagee takes possession of such property before any adverse interests have been acquired. A different rule, however, prevails in equity. There, while such mortgage itself does not pass the title to such property, it creates in the mortgagee an equitable interest in it, which will prevail against judgment creditors and others, although the mortgagee has not taken possession of the property, and the mortgagor has done no new act to confirm the mortgage. The ground of the doctrine is, that the mortgage, though inoperative as a conveyance, is operative as an executory agreement, which attaches to the property when acquired, and in equity transfers the beneficial interest to the mortgagee, the mortgagor being regarded as a trustee for him in accordance with the familiar maxim that equity considers that done which ought to be done.''

In Cyc., vol. 6, page 1052, it is stated as follows:

"It is the settled American rule, following an early decision of Judge Story, that a mortgage of future property, although invalid at law, is good in equity as against the mortgagor and all persons claiming through him, with notice, or voluntarily, or in bankruptcy, even if the mortgagee has not taken possession of the property and the mortgagor has done no new act to confirm the mortgage. The mortgage operates as a contract to assign as soon as the mortgagor acquires the property, which lien is enforced in equity as a lien attaching to the property, on the maxim that equity considers as done that which ought to be done."

Also see 5 R. C. L. 404.

The basis of the rule giving subsequent creditors and purchasers a prior lien on the after-acquired property is, that, as to them, the equitable lien of the mortgagee is fraudulent, as is apparent from the decisions in the cases of Ross v. Wilson Peter & Co., 7 Bush 29; Loth & Haas v. Carty, 85 Ky. 591, and many others; but this preference in behalf of subsequent creditors and purchasers is never allowed, except when to give the preference to the mortgagee's equitable lien would be inequitable or a fraud upon their rights. In the cases cited above and in all others which we have noticed, the debt secured by the mortgage was created simultaneously with the execution of the mortgage, or prior thereto, and in such cases the rule contended for by appellant usually applies; but the facts of this case are quite dissimilar, in an essential feature, to the facts in any of those cases. In the case at bar, the lien did not attach to any of the property of the cooperage company when the mortgage was executed, except to the extent of the two hundred dollars that the company then owed the bank, and, to this extent, subsequent attaching creditors, under the rule, had a prior lien; but, as the appellee bank's claim was for more than twenty-eight hundred dollars and the fund in court amounted to less than twenty-two hundred dollars, it is apparent that the inclusion of this two hundred dollars was immaterial.

After reviewing the authorities upon the question of the lien of a mortgagee on after-acquired property, in the case of Cheatam v. Tennells' Assn., 170 Ky. 429, this court quoted with approval the above quotations from Jones on Chattel Mortgages, and Cyc., and said:

"The rule being that equitable rights may grow out of a contract that will be available to protect parties to the contract from disadvantage or loss which they would sustain if their rights were to be determined by the strict letter of the contract, or if they could not assert any claim except such as existed by the very terms of the contract itself."

In that opinion two exceptions are mentioned to the rule that the mortgage is void, as to subsequent creditors and purchasers, one of which exempts from its operation the increase of female animals, as was pointed out in Forman v. Proctor, 9 B. Mon. 124, and the other, which excepts property acquired, under certain circumstances, by a corporation, in the exercise of powers conferred by its charter, as was pointed out in Phillips v. Winslow, 18 B. Mon. 431; and the facts of this case are sufficiently analogous to bring it within the latter of these exceptions. This latter exception has also been recognized by this court in the cases of Georgetown Water Co. v. Fidelity Trust & Safety Vault Co., 117 Ky. 325, and Westinghouse Electric Mfg. Co. v. Citizens St. Ry. Co., 24 Ky. Law Rep. 334, and by the Supreme Court of the United States in the cases of Pennock v. Coe, 23 Howard 117, and United Lines Tel. Co. v. Boston Safe Dep. & Tr. Co., 147 U. S. 431. Not only is the judgment in the case at bar warranted under these decisions, but it can also be sustained upon the ground that the equitable lien of the bank, effected upon the after-acquired property by the mortgage, except as to the two hundred dollars owing before the mortgage was executed, was for money furnished by the bank to the company, subsequent to the execution of the mortgage, for the purpose of enabling it to buy the raw materials and to pay for the labor upon which the plant was operated, which resulted in the production of the marketable article, as much, if not more, than did the material furnished by appellant after the execution of the mortgage.

Hence, as to appellant's attachment lien, itself but an equity, appellee's equitable lien was in no sense inferior or fraudulent, and, being prior in time, and of equal dignity, was entitled to the preference. Appellee's lien, except as to the two hundred dollars above referred to, did not attach at the time the mortgage was executed, but attached *pro tanto* as the money was ad-

vanced by the bank, nearly all of which was advanced after the appellant had delivered to the company the lumber represented by its claim; so that, when appellee's lien, under the mortgage, attached to the property creating the fund involved here, this property was on hand, and appellee's equitable lien attached to it before appellant's attachment lien.

For the reasons indicated, the judgment is affirmed.