### Evans, et al. v. Parsons.

(Decided May 26, 1925.)

### Appeal from Harlan Circuit Court.

1. Frauds, Statute of—Party, Making Verbal Offer to Sell Mining Lease of 10 Years, Not Bound by Another's Acceptance of Offer by Telegram and Confirmatory Letter.—Party, making verbal offer to sell a mining lease of 10 years, but executing no writing of any kind, held not bound by aother's acceptance of the offer by telegram and confirmatory letter.

2. Frauds, Statute of—Acceptance by Terse Telegram of Verbal Offer to Sell Mining Lease of 10 Years, Held Not "Contract or Memorandum Thereof in Writing" Within Statute.—Acceptance by terse telegram of verbal offer to sell mining lease of 10 years, held not "contract or memorandum thereof in writing" signed by party to be charged, within Ky. Stats., section 470, subdivision 6.

3. Frauds, Statute of—Letters Exchanged Between One Party and Another Held to Constitute Valid Contract for Sale of Mining Lease of 10 Years.—Letters exchanged between one party and another held to constitute valid contract for sale of mining lease of 10 years.

4. Mines and Minerals—Party, Procuring Contract of Sale of Mining Lease from Third Person Prior to Another, Held Entitled to Prevail Over Latter.—Party, procuring contract of sale of

mining lease from third person prior to another, held entitled to prevail over latter.

HALL, JONES & LEE for appellants.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Two equitable actions in which the questions involved upon this appeal were raised were consolidated and heard and tried together in the Harlan circuit court. No question of pleading is raised, and briefly stated the issues made by the pleadings are these: Appellant, Dan Evans, for himself and his co-appellants, claims to have purchased a coal lease from L. H. Boone. The appellee, A. L. Parsons, also claims to have purchased the same coal lease. Each party denied that the other had purchased or owned any interest in the lease in question and each sought to have his title confirmed by the judgment of the court.

The following facts appear: L. H. Boone owned a lease of 20 acres of coal land. On May 3, 1920, by letter, he offered to sell it and a small amount of equipment to appellee, A. L. Parsons, for $200.00. Parsons responded offering the price $200.00, but upon different terms as to payment. On May 12th Boone responded to Parsons' letter advising that the price made was a cash offer and that the terms would not be varied. On May 20th Parsons accepted Boone's offer to purchase the lease and equipment for $200.00, cash, the acceptance being by letter, and he enclosed in the letter two post office money orders payable to Boone, each for $100.00. Boone received that letter and the two money orders not later than May 22nd, because on that date it appears that he cashed at the post office where it was payable one of the money orders. It thus appears that a complete memorandum in writing of the agreement by which Boone agreed to sell and assign to appellee, Parsons, the lease and mining equipment at $200.00 was executed by the parties and delivered and that the purchase price was paid by Parsons to Boone not later than May 22, 1920.

It appears that on May 12, 1920, L. H. Boone, by letter, advised appellant, Dan Evans, that he had the 20 acre coal lease for sale and suggesting that if interested he would be glad to take the matter up with him.

Some verbal negotiations appear to have been entered into between Evans for himself and co-appellants with Boone in the meanwhile, and on May 25, 1920, Evans wrote a letter to Boone advising him that on the 24th he, by wire, had accepted his offer on the 20 acre lease. With that letter he enclosed a check for $500.00 and an assignment in blank and directed Boone to execute it before a notary and return at his earliest convenience. The telegram referred to in the letter of May 25th, as having been sent May 24th, was filed in evidence but the date does not appear.

Appellants pleaded that they purchased the lease and that Boone executed and delivered to them an assignment of it which he had duly signed and acknowledged and that they had had it recorded; and that they purchased it, took the assignment and recorded it without knowledge of appellee Parsons' claim. They pleaded that they were innocent purchasers for value without notice and that therefore their claim was superior to that of appellee, Parsons. Parsons denied that any assignment of the lease had ever been signed or acknowledged or deliverd by Boone to them. Boone was made a party defendant and Parsons sought to have him specifically perform the contract of sale to him.

The evidence in the record does not disclose that Boone ever signed or acknowledged or delivered to Evans and his associates an assignment of the lease in question. There seems to have been prepared an assignment from him to them and a copy of it was filed in evidence by and for appellants. However, the copy so filed has no name signed to it and the certificate of acknowledgment prepared for a notary appears never to have had the blanks filled or to have been signed by any notary public. There is a total failure of proof that the assignment of the lease was ever executed or delivered or recorded.

Boone admitted receiving appellee's letter accepting his offer to sell him the lease and equipment at $200.00 and the $200.00 money orders enclosed therewith on or before May 22nd. He admitted cashing one of the money orders on that date and one of them on May 29th. He admitted that he used the proceeds of the first money order collected by him in paying the wages of miners working for him. After appellant Evans and his associates accepted his offer to sell the lease and equipment at $500.00 and after receiving their letter written May

25th, enclosing check for that amount, Boone undertook to evade the consequences of his offer to sell to Parsons and Parsons' acceptance of it and his conversion of the money sent by Parsons in settlement of the purchase price by mailing to Parsons a check for the $200.00 which Parsons declined to receive.

The chancellor adjudged appellee Parsons to be entitled to the relief sought by him and adjudged him to own the coal lease in question, together with the equipment on it, and adjudged the claims of the appellants, Evans and others, to be void. We are of the opinion that the judgment of the chancellor may be sustained for two reasons: First, it appears that the offer Boone made to sell the coal lease in question to appellants, Evans and others, was a verbal offer. The telegram by which that offer was accepted merely stated: ''I accept proposition; mailing check.'' The lease in question extended for a term of ten years from a date in 1918. It is required by subsection 6 of section 470, Carroll's Kentucky Statutes, 1922, commonly called the ''Statute of Frauds,'' that no action shall be brought to charge any person upon any contract for the sale of real estate or any lease thereof for longer than one year unless the contract or some memorandum or note thereof be in writing and signed by the party to be charged therewith or his authorized agent. The offer to sell the lease being merely a verbal one, the acceptance of the offer by telegram quoted above did not constitute a contract or memorandum thereof in writing signed by the party to be charged within the meaning of the statute. Boone was not bound by appellants' acceptance of the offer he made because the offer was not in writing and signed by Boone. The letter which followed the telegram did not cure the defect because Boone was yet unbound in that no memorandum of the contract to sell the lease in writing yet had been signed by him. If, as pleaded by appellants, Boone, upon receipt of the telegram and letter accepting his verbal offer, had signed the written transfer of the lease prepared and enclosed with the letter of May 25th, the provisions of the statute above would have been complied with and appellants, Evans and others, would have had a binding contract for the sale of the lease. As above pointed out, however, no evidence establishing that Boone ever signed or acknowledged or delivered the written assignment of the lease appears in the record. The letters exchanged

between Boone and appellee Parsons made an effective contract for the sale of the lease in question between Boone and Parsons. Under that state of case the chancellor properly adjudged that Boone had a contract which he could enforce and that appellants, Evans and others, failed to manifest their right to recover.

Again, if the telegram and letter from Evans to Boone could be held to have complied with the statute of frauds, the record discloses Parsons to have procured the contract of sale prior to appellant Evans' contract. Parsons' equity being the older would prevail under that state of case and would support the judgment of the chancellor herein. Hardin's Exrs., etc. v. Harrington, etc., 11 Bush 367; Carlisle v. Jumper, etc., 81 Ky. 282; Helm, etc. v. Sapp, etc., 19 Rep. 1614; Zaring v. Cox, 78 Ky. 527; Forepaugh v. Appold, 17 B. M. 631.

For the foregoing reasons the judgment is affirmed.