## Iowa Valve Co. v. Merkle Contracting Co. et al.

(Decided March 19, 1935.)

EATON & BOYD for appellant.

W. F. McMURRY, Jr., MALCOLM P. WALLACE and CHARLES N. HOBSON, Warning Order Attorney, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

E. J. Merkle, trading and doing business as E. J. Merkle Contracting Company, contracted with the city of Paducah to build certain sewers. Some of the owners

of property benefited by the improvement failed to pay their assessments in cash, or according to the ten-year payment plan, and the tax bills or apportionment warrants, which were a lien on their property, were delivered to the contractor. Thereafter these tax bills or apportionment warrants were transferred and assigned in writing for a valuable consideration to the National Cast Iron Pipe Company. Later on the Iowa Valve Company brought suit against Merkle and others to collect an account amounting to $1,936.70, together with interest. The petition alleged that Merkle had been engaged in the construction of certain sewers in the city of Paducah authorized by ordinance, and that certain assessments were made against certain benefited property to pay for the construction. Certain property owners were made defendants, and the petition set out the amount of improvement tax assessed against their property, which was accurately described. Attachment was issued and levied on the right, title, and interest held thereunder by Merkle in each particular tract. The National Cast Iron Pipe Company intervened in the action and asserted a prior claim to the tax assessments or improvement warrants by virtue of the assignment. On final hearing it was adjudged that the intervening petitioner's rights were superior to those of the Iowa Valve Company, and that the latter company acquired no rights by virtue of the attachment. The Iowa Valve Company appeals.

Our conclusions on the questions involved may be summarized as follows:

1. When the assessment is made, it cannot be doubted that the tax bill or apportionment warrant representing the assessment is a chose in action and may be assigned so as to carry with it the lien by which it is secured.

2. There is no statute requiring that the assignment of a chose in action be recorded in order to be good as against creditors. The statute is confined to deeds, or deeds of trust, or mortgages conveying the legal or equitable title to real or personal estate, and a chose in action is not personal estate within the meaning of the statute. United States Bank v. Huth, 4 B. Mon. 423, 448; Spalding v. Paine's Adm'r, 81 Ky. 416. Though it be true that the city auditor is required to keep in a book provided for that purpose a record of

all assessments of local taxes for sewer purposes show-ing the name and portion of the street on which the improvement is made, the character of the improvement, and the names of the persons against whose property the assessments are made, and it is further provided that such record shall be subject to inspection by any person, and shall be conclusive evidence of notice to all persons of such assessments and the liens thereby created, section 3105, Kentucky Statutes, amended by Acts 1930, c. 94, neither that statute nor any other statute provides that any transfer of the tax claims shall be recorded.

3. There being no statute requiring the transfer of a chose in action to be recorded, the case resolves itself into a contest between equities, the equity of appellant as creditor and the equity of the intervening petitioner as purchaser, and where that is the case the prior equity must prevail. Manly v. Bitzer, 91 Ky. 596, 16 S. W. 464, 13 Ky. Law Rep. 166, 34 Am. St. Rep. 242; Poage Milling Co. v. Economy Fuel Co. (Ky.) 128 S. W. 311; Glass v. Cundiff & Longest, 167 Ky. 760, 181 S. W. 638. Here the tax claims or improvement warrants were sold to the intervening petitioner long before appellant's attachment was levied. What rights appellant obtained by the attachment we need not determine. It is sufficient to say that whatever they were, they were subject to the prior rights of the intervening petitioner.

It follows that the judgment was correct.

Judgment affirmed.

Whole court sitting.